Wakdlaw, J.
delivered the opinion of the Court
The first ground of appeal presents a question of fact, as to which, notwithstanding doubts which the report of the evidence is calculated to raise, the verdict would be permitted to stand, if no other objection existed.
• Other grounds of appeal suggest objections to the regularity of the re-sale, and to the views taken by the Circuit Judge, all of which have come under consideration although it will not be necessary now to make an authoritative decision as to all.
The action is brought by the Sheriff himself, to recover from the first purchaser the difference between the sum first bid and the sum obtained upon a second re-sale. The Sheriff, perhaps, is supposed to represent creditors here: however that may be, he is personally interested. He might, in an action for the price of the land, brought against this defendant, Cathcart, have recovered the sum first bid: in which case, Gathcart would have had the land. Or, if Cathcart were not solvent, or the Sheriff, of his own head or by instruction, chose to resort to the statutory remedy by re-sale, he might have done so, and in that case, if he had proceeded regularly, Cathcart would have lost the landf as he has done, and ■ would have been made liable for whatever sum might have been lost by the re-sale.- But if-the Sheriff has taken away the land so that he cannot recover the price from Cath-cart, and by his default or irregularity has lost the statutory remedy, he is himself liable to creditors for the difference of *226 the sales, which he here seeks to recover. The case is then one in which the Sheriff most show that he has pursued, with sufficient regularity the directions of the statute, which gives the remedy he seeks for his own advantage or relief: and one in which the defendant is not a third person objecting to the regularity of proceedings which the parties do not complain of, but is himself a party to the re-sale — the pro^ ceeding under which his liability is sought to be enforced, and may well complain of any irregularity by which loss has been brought upon him.
The 58th section of the Sheriff’s Act of 1839 provides that “if the purchaser shall fail to comply with the terms aforesaid, the Sheriff shall proceed to re-sell, at the risk of the defaulting purchaser, either at the same or some subsequent sale day, as the plaintiff may direct: and in the absence of any direction by the plaintiff, the Sheriff shall re-sell on the same day, if practicable, and if not, on the next succeeding sale day, making in every such case proclamation that he is re-selling at the risk of such defaulting former purchaser.”
Here the Sheriff has shown no directions from the plaintiff in execution, yet instead of re-selling on the same day when the first sale took place, or, if that were not practicable, reselling on the next succeeding sale day, he, without any explanation given, forbore to re-sell for nine months; and then, after the intervention of two terms, he re-sold at the risk of the first purchaser, who took care of his interests by running the land up to a sufficient price before it was knocked off to a second purchaser. No second re-sale on the same day, or on the next sale day, or the next after that, warned the first purchaser that the second purchaser had .not complied with his bid: but after the lapse of three months from the first resale, just a year after the first sale, another re-sale was made at an inadequate price, the proclamation being that it was made at the risk of Pickett, the second purchaser, or perhaps at the risk of the former 'purchaser, meaning Pickett. In all this there- was much' irregularity. If the Sheriff can, without directions from a plaintiff in execution, delay a resale beyond the time prescribed by the statute, what shall be the limit of his discretion 1 If he can do so as to an article stationary in price, what shall restrain him in respect to an article the. most fluctuating 1 But upon delay alone the Court is not agreed, and there may have been directions of a plaintiff to authorize it.
Doubt has been felt whether the statute authorized more than one re-sale — especially whether any second or other resale must not be on the same day as the first sale, the Sheriff *227 regarding no re-sale as an effectual one which does not produce the cash. Perhaps the better opinion is, that if the Sheriff conduct himself concerning a re-sale as he would do concerning an original’ sale, with the additisnal requisite that he proclaim that he is re-selling at the risk of the former purchaser or purchasers severally, naming him or them, he may re-sell toties quoties, until a bid be paid in cash: and that all the defaulting purchasers, according to their bids, will be liable — they perhaps having a right to regulate liabilities between themselves so that the last may be ultimately liable according to his bid.
The matter, however, which the Court conceives of most importance in this case, is^ that at the last re-sale no notice seems to have been given by proclamation that it was made at the risk of Cathcart, the first purchaser: acCordiiig to our view of the testimony the notice was such as to exclude the idea of risk to him. This was a material departure from the terms of the statutory remedy. If the proclamation as required was not made, a condition, upon which the rights claimed by the Sheriff depend, has not been performed, and the liability which the action assumes has not attached to the defendant. The terms of the statute are plain: even if they be said to be only directory to the Sheriff, the Sheriff must obey them, or lose rights which they give-. It may easily be imagined-how, in other cases, losses to purchasers, greater than that which the defendant has sustained here, might result from a Sheriff’s neglect to make the proclamation só as to warn the purchaser of the risk he was to be subjected to.
There was error then in holding that the defendant' could not make objections to the regularity of the re-sale. If, as now seems, there was concerning the proclamation an irregularity by which the defendant has been misled to his loss, this action cannot be sustained.
That the-facts may be again investigated, and the other points of law besides the one which has been decided, be again examined, a new trial is ordered.
RichardsoN, J. O’Neall, J. Evans, J. and Withers, J. concurred.

Motion granted-.